T.C. Summary Opinion 2006-151


UNITED STATES TAX COURT


J. MCLEAN AND JUDY A. DURFEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22715-04S.          Filed September 14, 2006.


J. McLean and Judy A. Durfey, pro sese.

R. Craig Schneider, for respondent.


DAWSON, Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,643 in petitioners' Federal income tax for 2002.  The issue for decision is whether J. McLean Durfey (petitioner) received unreported income in the year 2002 from wages, interest, a State income tax refund, the taxable amount of a pension, and the taxable amount of Social Security benefits.[1]

## Background

Some of the facts have been stipulated and are so found. Petitioners resided in American Fork, Utah, when they filed their petition.

Petitioner is an educator.  He and his wife filed a timely joint Federal income tax return for 2002 in which they reported wages of $52,399, a farming loss of $11,028, and adjusted gross income of $41,371.  Third parties reported to petitioner and respondent the following income paid to petitioner in 2002 that was not reported on petitioners' Federal income tax return for that year:

---

[1]The adjustment of $1,495 for medical deductions claimed on Schedule A, Itemized Deductions, made by respondent in the notice of deficiency is computational based upon an increase in petitioners' adjusted gross income.  Likewise, the adjustment of $296 to Schedule A miscellaneous deductions is computational based upon petitioners' adjusted gross income.

| Payor | Form | Type of Income | Amount |
|-------|------|----------------|--------|
| Alpine School District | W-2 | Wages | $174 |
| New Mexico Educators FCU | 1099-INT | Interest | 40 |
| State of New Mexico | 1099-G | State income tax refund | 1,029 |
| New Mexico Educational Retirement Board | 1099-R | Pensions, annuities, retirement | 13,004 |
| Social Security Administration | 1099-SSA | Social Security | 6,685 |

In the notice of deficiency, respondent determined that petitioner received unreported gross income of $19,929 in 2002, consisting of the following:

| Source | Amount |
|--------|--------|
| Wages | $174 |
| Interest | 40 |
| State income tax refund | 1,029 |
| Taxable pension | 13,004 |
| Taxable Social Security benefits | 5,682 |

Respondent also decreased petitioners' Schedule A deductions by $1,791, resulting in a total increase of $21,720 in their taxable income.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that such determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a)(1) provides that the burden of proof as to factual matters shifts to the Commissioner under certain limited

circumstances.  Petitioners do not fall within these limited
circumstances, and therefore the burden of proof remains with
them.[2]

Section 61(a) provides that, except as otherwise provided in
subtitle A of the Internal Revenue Code, gross income means "all
income from whatever source derived".  Petitioner received and
failed to report on his joint income tax return for 2002 the
amounts of additional gross income respondent determined in the
notice of deficiency.

Petitioner's contention is that he should not be held liable
for tax on the additional income he received in 2002 because
respondent failed to meet certain deadlines he set for answering
his correspondence during the time his tax return was being
audited but before the notice of deficiency was issued.  At the
trial he testified that "the reason that I gave for filing the
petition was that they were missing deadlines".  He asserted that
"if I'm going to be held accountable for meeting deadlines, then
the IRS ought to also".

Whether respondent met petitioner's deadlines is irrelevant.
In these circumstances we do not look behind the notice of

---

[2]Because the deficiency determined by respondent is
predicated on income reported on information returns by third
parties, we note that sec. 6201(d) is not applicable because
petitioner does not dispute the items of income.

deficiency in examining respondent's actions.  <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327-328 (1974).

It is clear that petitioner, an intelligent person, knew he had omitted income when he filed his Federal income tax return for 2002.  When asked by the Court if he had received the additional income respondent determined in the notice of deficiency, petitioner answered: "Yes, I did.  I received all that".

Accordingly, on the basis of the record in this case, we sustain respondent's determinations in all respects.  We hold that petitioners are liable for the entire amount of the Federal income tax deficiency for 2002.

<u>Decision will be entered</u>

<u>for respondent</u>.